Affirmed and Memorandum Opinion filed December 16, 2008








Affirmed and Memorandum Opinion filed December 16, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-01001-CR

NO. 14-07-01002-CR

____________

 

MILTON CARELLE KELLEY, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 178th
District Court

Harris County, Texas

Trial Court Cause Nos. 1091116
& 1133514

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Milton Carelle Kelley, challenges his
convictions for possession of marijuana and possession of cocaine.  The trial
court assessed punishment at confinement for four years for the marijuana
conviction and five years for the cocaine conviction.  Appellant contends that
the evidence was legally and factually insufficient to support his conviction. 
We affirm.








Background

On November 1, 2006, the Gulf Coast Violent Offenders Task
Force[1]
executed an arrest warrant at a residence located at 8026 Green River in Harris
County.  The task force received a tip from Crime Stoppers that a person or
persons would be at the residence with narcotics and money.  The warrant was
for John Boutte, and was based on a parole violation on an aggravated robbery
sentence.  

Sergeant Lennie Rasberry of the Harris County Sheriff=s Department led a
team of eight to ten officers who executed the warrant.  Sergeant Rasberry
approached the front of the residence while Officers Juan Johnson and Jeffrey
Sparks approached the back door.  The path to the back door was blocked by
three pit-bull dogs who were chained to a dog house.  As Officers Sparks and
Johnson approached the door, they walked carefully around the dogs.  As he
walked toward the back door, Officer Sparks looked in a side window where an
air conditioning window-unit was installed.  The space around the window unit
had been filled with clothing, which had shifted, so Officer Sparks could see
inside the residence.  He saw two men sitting at a table shuffling a white
powdery substance between larger and smaller plastic bags.  As Officers Sparks
and Johnson took up their positions next to the back door, the two men came to
the door and attempted to leave the residence.  When the men saw the officers,
they slammed the door, locked it, and ran through the house.  Officers Sparks
and Johnson immediately breached the door and chased the men through the
house.  The officers apprehended the men in the bathroom of the house where
they were attempting to escape through the bathroom window.  








Sergeant Rasberry and the other officers at the front door
heard the running footsteps in the house and breached the front door.  By the
time Sergeant Rasberry entered the house, the two men were handcuffed.  The men
were later identified as John Boutte and appellant.  The task force searched
the house and found cocaine on the kitchen table and marijuana and a weapon on
the coffee table in the living room.  All three officers testified that the
house was very small and the kitchen and living room were in one room.  

At trial, a chemist testified that the cocaine recovered
from the house weighed 6.2 grams and the marijuana weighed 8.9 ounces.  

Appellant presented the testimony of two witnesses at
trial.  Diane Edmiston, the owner of the house at 8026 Green River, testified
that Joseph Kelley, appellant=s uncle, lives in the house in exchange
for maintenance and other odd jobs.  Turshea Kossie, appellant=s fiancé,
testified that on the day of his arrest, she drove appellant to the house to
work with his uncle.  Edmiston testified that she usually picks up appellant
and Joseph Kelley from the residence in the afternoon and drives them to
various locations where they perform odd jobs for her.  Edmiston testified that
the packing material around the window-unit air conditioner makes it impossible
for anyone to see through that window.

Appellant was subsequently convicted of possession of
cocaine and marijuana.

Analysis

Appellant challenges both the legal and factual sufficiency
of the evidence to support the jury=s finding that he
had care, custody and control over the controlled substances found in
the house.

I. 
Legal Sufficiency of Evidence Supporting Finding of Possession

In reviewing legal sufficiency of the evidence, an
appellate court will examine the evidence in the light most favorable to the
verdict to determine whether any rational finder of fact could have found the
essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Dewberry v. State, 4 S.W.3d 735,
740 (Tex. Crim. App. 1999).  When reviewing legal sufficiency of the evidence,
the court does not sit as a thirteenth juror and may not re‑evaluate the
weight and credibility of the record evidence or substitute its judgment for
that of the fact finder.  Dewberry, 4 S.W.3d at 740.








To prove the offense of possession of a controlled
substance, the State was required to show that appellant (1) exercised actual
care, control, and management over the controlled substance, and (2) was
conscious of his connection with the controlled substance and knew what it
was.  See Tex. Health &
Safety Code Ann. '' 481.002(38), 481.112(a) (Vernon 2003
& Supp. 2007); Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App.
1995).  Because appellant was not in exclusive possession of the residence
where the contraband was found, the State must affirmatively link appellant to
the contraband.  Brown, 911 S.W.2d at 748.  This proof must have
established that his connection with the cocaine and marijuana was more than
just fortuitous.  See Poindexter v. State, 153 S.W.3d 402, 406 (Tex.
Crim. App. 2005).  Links to demonstrate that connection can include factors
such as whether the contraband was (1) in plain view, (2) conveniently
accessible to the accused, (3) in a place owned by the accused, (4) in a car
driven by the accused, and (5) found in an enclosed space. See Hurtado v.
State, 881 S.W.2d 738, 743 (Tex. App.CHouston [1st
Dist.] 1994, pet. ref=d). Another link can be whether the
accused=s conduct
indicated a consciousness of guilt.  Id.

According to appellant, the only evidence directly
supporting the finding that appellant possessed the drugs was Officer Sparks= testimony.  He
testified that he saw two men Ashuffling@ the cocaine from
a larger bag to small bags.  Appellant contends that Officer Sparks= testimony Awas so riddled
with inconsistencies it lacked credibility on its face.@  Specifically,
appellant points out that the pictures from the house show there was no gap in
the window so that Officer Sparks could not have seen into the house.  Further,
the weapon was found not on the kitchen table as described by Officer Sparks,
but on the coffee table in the living room.  Finally, appellant argues that the
chemist testified that only one bag of cocaine was turned in to her for
analysis, thus contradicting Sparks= testimony that
appellant and Boutte were Ashuffling@ the cocaine from
a larger bag to smaller bags.

Disregarding Officer Sparks= testimony, the record
reflects the following facts:

$                  
Appellant
was present at the house when the warrant was executed.








$                  
The
cocaine and marijuana was on the kitchen table and a coffee table in plain
view.

$                  
Appellant=s uncle was a
tenant at the residence and appellant regularly came to the residence to work
for the owner of the house.

$                  
When
appellant saw the officers at the door, he locked the door and attempted to
flee.  Appellant was apprehended trying to escape from a bathroom window.

Even
without Officer Sparks= testimony, the evidence is legally
sufficient to support the conclusion that appellant had care, custody, and
control over the cocaine and marijuana.  After reviewing the evidence in the
light most favorable to the verdict, we conclude that a rational trier of fact
could have found the essential elements of the offense beyond a reasonable
doubt

II. 
Factual Sufficiency of Evidence Supporting Finding of Possession

When conducting a factual sufficiency review, an appellate
court must determine (1) whether the evidence introduced to support the verdict
is Aso weak@ that the fact
finder=s verdict seems Aclearly wrong and
manifestly unjust,@ and (2) whether, considering conflicting
evidence, the fact finder=s verdict is nevertheless against the
great weight and preponderance of the evidence.  Watson v. State, 204
S.W.3d 404, 414B15 (Tex. Crim. App 2006).  We give
deference to the jury=s determinations, particularly those
concerning the weight of the evidence and the credibility of witness
testimony.  See Johnson, 23 S.W.3d 1, 8B9 (Tex. Crim. App.
2000).

An appellate court should not substantially intrude upon
the fact finder=s role as the sole judge of the weight and
credibility of witness testimony.  Vasquez v. State, 67 S.W.3d 229, 236
(Tex. Crim. App. 2002).  Due deference still must be given to the fact finder=s determinations
concerning the weight and credibility of the evidence, and reversal of those
determinations is only appropriate to prevent the occurrence of a manifest injustice. 
Martinez v. State, 129 S.W.3d 101, 106 (Tex. Crim. App. 2004).








Reconciliation of conflicts in the evidence is within the
exclusive province of the fact finder.  See Mosley v. State, 983 S.W.2d
249, 254 (Tex. Crim. App. 1998).  The appellate court=s duty is not to
reweigh the evidence, but to serve as a final due process safeguard ensuring
only the rationality of the fact finder.  See Williams v. State, 937
S.W.2d 479, 483 (Tex. Crim. App. 1996).  An appellate court faced with a record
of facts that supports conflicting inferences must presume that the finder of
fact resolved any such conflicts in favor of the State, and must defer to that
resolution. Jackson, 443 U .S. at 326.

Appellant argues that Officer Sparks= testimony was not
credible, and it was contradicted by Mrs. Edmiston, the owner of the house. 
Appellant argues that Officer Sparks could not have looked into the window with
the air conditioning unit because the window was sealed.  Although the
testimony of Mrs. Edmiston contradicted that of Officer Sparks, the jury acted
appropriately within its role as fact finder in resolving that conflict in
favor of Officer Sparks.

We do not find evidence in the record that greatly
outweighs the evidence supporting the trial court's judgment. Accordingly, the
jury=s decision was not
so contrary to the weight of the evidence as to be clearly wrong and manifestly
unjust.  We overrule appellant=s issue regarding legal and factual
sufficiency of the evidence to support his conviction.

The trial court=s judgment is
affirmed.

/s/      William J. Boyce

Justice

 

 

 

Judgment rendered
and Memorandum Opinion filed December 16, 2008.

Panel consists of
Justices Yates, Seymore, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  The Gulf Coast Violent Offenders Task Force is a
multi-department task force assigned to arrest violent offenders.